Dear Mr. Jenkins:
You have requested an opinion of the Attorney General, in your capacity as Secretary of the Louisiana Department of Wildlife and Fisheries Foundation (Foundation). You state that the Foundation is a nonprofit Louisiana corporation organized exclusively for charitable, scientific and educational purposes pursuant to Section 501(c)(3) of the Internal Revenue Code of 1954, as amended. You specifically ask whether the Foundation constitutes a "quasi-public agency or body" subject to audit under the provisions of R.S. 24:513.
The Articles of Incorporation (Articles) of the Foundation state that its objects and purposes are:
 1. To promote the welfare, fiscal and otherwise, of the Louisiana Department of Wildlife and Fisheries (hereinafter "Department") and the Louisiana Wildlife and Fisheries Commission (hereinafter "Commission"), and to develop, expand and improve the facilities of the Department and Commission so as to enhance their ability to perform their constitutional and statutory mission, enhance and encourage public enjoyment and use of the fish and wildlife resources of this State and its habitat, and increase the Department's and Commission's usefulness to the citizens of Louisiana and the United States of America.
 * * *
 3. To solicit and accept, whether by way of outright, limited, or conditional gifts, grants and bequests, in trust or otherwise, funds of all kinds, including property, both real and personal whether principal or income, tangible or intangible, vested or contingent, for the purpose of providing funds for the general purposes of the corporation and for the purpose of activities in research, or such other designated benefits for the Department and Commission and their staff as may be prescribed by testators or donors to the corporation, and to receive, hold and administer such donations, bequests, devises and gifts for the purposes aforesaid, subject to such terms or conditions as may be imposed by the respective testators or donors, and to distribute to the various offices, divisions or sections of the Department, or to the Department, the funds or property under the control of the corporation for the purposes specified by the donors or testators, or determined by the corporation, and, generally, to expend the funds for the establishment and maintenance of this corporation, and for any and all expenses incidental to the conduct of the affairs of the corporation.
You state that the Foundation holds quarterly Board of Directors meetings at the headquarters of the Department in Baton Rouge, and that Department staff members have minimally participated in those meetings for purposes of coordinating the Foundation's support activities which benefit the Department and Commission.
To carry out its objects and purposes, the Foundation has entered into a Cooperative Endeavor Agreement (Agreement) with the Department, the stated purposes of which closely parallel the purposes contained in the Articles as enumerated above. We find the following excerpts of the Agreement to be relevant to the issue before us:
 A. PURPOSE:
 * * *
 4. WFF [the Foundation] shall be responsible for establishing and implementing a system of standards and principles for maintenance and auditing of accounts and for reporting of same as required by state and federal law.
 B. DUTIES/RESPONSIBILITIES:
 * * *
 3. DWF [The Department] agrees whenever feasible, to make available to WFF, departmental facilities, personnel, and other support for which WFF may reimburse DWF, either directly or through in-kind services.
 a. Any DWF personnel furnishing a service to or for WFF pursuant to this agreement shall be considered to be and shall remain a public servant for all purposes.
 4. DWF may from time to time transfer to WFF a right or other thing of value, which may be used to provide support and funding for WFF, provided, however, that any proceeds which WFF generates pursuant to such transfer will ultimately be used in furtherance of its mission as expressed in its Articles of Incorporation and By-Laws to benefit and support DWF in the performance of its constitutional and statutory mandate(s).
 C. RECORDS:
 1. The books and records of the WFF as they relate to private funding shall be private corporate records and shall be kept in accordance with generally accepted accounting principles or other acceptable standard and shall be audited according to WFF specifications and as provided by law.
 2. To the extent that such books and records directly pertain to the receipt, investment or expenditure of public funds, they shall be subject to the "Public Records Law". R.S. 44:1 et seq.
 3. Any audit findings or exceptions involving public funds or the misuse of public funds, shall without delay, be reported to the Secretary, the legislative auditor or other appropriate authority.
 D. TERMS OF AGREEMENT:
 * * *
 4. Appearers agree to incorporate appropriate mechanisms, guidelines, standards, and procedures recommended by the legislative auditor, which are not already a part of this agreement.
The resolution of the issue of whether the Foundation is a quasi-public agency or body subject to audit by the Legislative Auditor (Auditor) is controlled by R.S. 24:513 (A)(1)(a) and (b) (i) through (iv). They provide, in pertinent part, the following:
 § 513. Powers and duties of legislative auditor, audit reports as public records; assistance and opinions of the attorney general; frequency of audits; subpoena power
 A. (1)(a) Subject to Paragraph (3) of this Subsection, the legislative auditor shall have authority to compile financial statements and to examine, audit, or review the books and accounts of the state treasurer, all public boards, commissions, agencies, departments, political subdivisions of the state, public officials and employees, public retirement systems enumerated in R.S. 11:173(A), municipalities, and all other public or quasi public agencies or bodies, hereinafter collectively referred to as the "auditee:. . . .
 (b) For the sole purpose of this Subsection, a quasi public agency or body is defined as:
 (i) An organization, either not for profit or for profit, created by the state of Louisiana or any political subdivision or agency thereof, any special district or authority, or unit of local government to perform a public purpose.
 (ii) An organization, either not for profit or for profit, that is a component unit of a governmental reporting entity, as defined under generally accepted accounting principles.
 (iii) An organization, either not for the profit or for profit, created to perform a public purpose and having one or more of the following characteristics:
 (aa) The governing body is elected by the general public.
 (bb) A majority of the governing body is appointed by or authorized to be appointed by a governmental entity or individual governmental official as a part of his official duties.
 (cc) The entity is the recipient of the proceeds of an ad valorem tax or general sales tax levied specifically for its operations.
 (dd) The entity is able to directly issue debt, the interest on which is exempt from federal taxation.
 (ee) The entity can be dissolved unilaterally by a governmental entity and its net assets assumed without compensation by that governmental entity.
 (iv) Any not-for-profit organization that receives and/or expends in excess of twenty-five thousand dollars in local and/or state assistance in any fiscal year. Assistance shall include grants, loans, transfers of property, awards, and direct appropriations of state and/or local public funds. Assistance shall not include guarantees, membership dues, vendor contracts for goods and services related to administrative support for a local or state assistance program, assistance to private or parochial schools, assistance to private colleges and universities, or benefits to individuals.
We have reviewed the Articles and the Agreement. Based on this information, as well as telephone conversations with representatives of the Department, Foundation and Auditor, it would appear that the Foundation is subject to audit once it meets the conditions set forth in Section 513(A)(1)(b)(iv). Thus, if the nonprofit Foundation receives and/or expends in excess of twenty-five thousand dollars in local and/or state assistance in any fiscal year, it constitutes a quasi-public agency or body pursuant to this statute.
It should be noted that, prior to its amendment by Act No. 686 of the 1995 Regular Session of the Louisiana Legislature, the audit provisions of Section 513 were only applicable to quasi-public agencies which received public funds. Act 686, by its definition of "Assistance", broadened the applicability of the audit law in (iv) to quasi-public agencies which receive state and/or local appropriations of public funds, grants, loans, transfers of property and awards.
We further find that the above definition is not exclusive, but rather illustrative in nature. Accordingly, it includes in-kind services of Departmental personnel, facilities, supplies and equipment. It would also include any transfers made by the Department to the Foundation of "a right or other thing of value, which may be used to provide support and funding for WFF", as provided in Paragraph B(4) of the Agreement. Once the cumulative value of these various forms of "Assistance" exceed twenty-five thousand dollars, the audit provisions of Section 513 become operable.
I would appear from the Agreement and your opinion request that the Department and Foundation have gone to great lengths to insure compliance with all laws relating to their operations.
Should you have any additional questions concerning these matters, please do not hesitate to contact us or the Legislative Auditor's Office for guidance.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _______________________________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/sfj